IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JONAS HARMON                                                                                    PLAINTIFF

v.                                                                                   No. 4:05CV136-P-A

MDOC, ET AL.                                                                                 DEFENDANTS

## REPORT AND RECOMMENDATION

On August 18, 2005, plaintiff Jonas Harmon, an inmate in the custody of the Mississippi State Penitentiary with inmate number 35798, appeared before the undersigned for a hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. § 1983. A plaintiff's claim shall be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this lawsuit.[1]

This case presents the court with a claim that the defendants have denied the plaintiff medical care by refusing to provide him interferon and other medications to treat the plaintiff's infection with hepatitis C. The plaintiff seeks an injunction directing the Mississippi Department of Corrections to treat the plaintiff's condition more aggressively – particularly by using interferon, ribavirin, and other medications to reduce or eliminate the plaintiff's viral load. For the reasons set forth below, the instant case should be dismissed for failure to state a claim upon which relief could be granted.

---

[1] 28 U.S.C. § 1915(g).

## Facts - As Alleged

The plaintiff was diagnosed with Hepatitis C before his incarceration. His free world doctor discussed various treatments, including aggressive antiviral drugs like interferon. Once the plaintiff was incarcerated, however, Mississippi Department of Corrections doctors have examined him and decided upon a "wait and see" approach, finding that the progression of the disease is not significant enough to warrant the type of treatment the free world doctors had considered. In his assessment of the plaintiff, the free world doctor noted that financial concerns would be a barrier to the plaintiff's treatment.[2] The plaintiff complains of tremendous fatigue, and he worries that the defendants' delay in providing treatment could lead to a decline in the plaintiff's condition.

## Deliberate Indifference - Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a

---

[2]Treatment with antiviral drugs like interferon and ribavirin is expensive.

substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). In cases such as the one at bar, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

This is a clear case of a prisoner's disagreement with the medical treatment he has been provided. The defendants have been aware of the plaintiff's hepatitis C since his processing into the system. They have monitored his liver function and provided vaccinations against hepatitis A and B. Although the plaintiff would like to begin treatment with interferon shots and ribavirin pills, the doctors at the Mississippi Department of Corrections have not found that treatment to be warranted at present. The plaintiff's desire for different this treatment does not rise to the level of a constitutional claim, and the undersigned thus recommends that instant case be dismissed for failure to state a claim upon which relief could be granted, counting as a "strike" under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g).

**Handling of Objections, Acknowledgment of Receipt**

The court refers the parties to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within ten (10) days of this date. The plaintiff is warned that failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this 25th day of August, 2005.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE